Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
Katherine A. Tuohy (SBN 353967)
Katherine@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA  92108
P: 866-219-3343

Daniel G. Shay (SBN 250548)
Dan@ShayLegal.com
Harrison J. Lynch (SBN 355139)
Harrison@ShayLegal.com
**SHAY LEGAL, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA  92108
P: 619-222-7429

*Attorneys for Plaintiff,*
*and all others similarly situated*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR ROPERO, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br><br> MOSSY AUTOMOTIVE GROUP LEMON GROVE, INC., dba Mossy Honda Lemon Grove, <br><br> Defendant. | Case No: **'26 CV 3824 CAB SBC** <br><br> COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION, 47 U.S.C. § 227 <br><br> JURY DEMAND <br><br> CLASS ACTION |

1

Class Action Complaint

## CLASS ACTION COMPLAINT

1. Plaintiff VICTOR ROPERO ("Plaintiff") brings this class action against Defendant MOSSY AUTOMOTIVE GROUP LEMON GROVE, INC., dba Mossy Honda Lemon Grove ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### PRELIMINARY STATEMENT

2. The Supreme Court may have said it best: "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls (and texts). The Federal Government receives a staggering number of complaints about robocalls – 3.7 million complaints in 2019 alone." *Barr v. Am. Ass'n of Political Consultants* (2020) 140 S. Ct. 2335, 2343.

3. Telemarketing calls and texts are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991, 47 U.S.C. §§ 227 *et seq* ("TCPA").

4. Congress further passed the Do-Not-Call Implementation Act of 2003, 15 U.S.C. Chapter 87A § 6101 to allow people to register their phone numbers with the Federal Trade Commission.

5. The TCPA and its implementing regulations also protect consumers who tell a business to stop contacting them: once a consumer revokes consent or requests that the sender stop, the sender must honor that request within a reasonable time and may not continue sending telemarketing calls or text messages.

6. The United States Court of Appeals for the Ninth Circuit held that "unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has

2

Class Action Complaint

identified.'" *Van Patten v. Vertical Fitness Grp.,* 847 F.3d 1037, 1043 (9th Cir. 2016) (citations omitted) (emphasis in the original).

7. Receiving unwanted telemarketing communications is a problem most people face in this country. According to online robocall tracking service "YouMail," just over 4.1 billion robocalls & texts were placed in May 2026 alone, at a rate of about 132.8 million per day.[1]

## NATURE OF THE ACTION

8. This is a putative class action brought pursuant to the TCPA.

9. To promote its goods and services, Defendant sends telemarketing text messages to consumers who have asked Defendant to stop and who have revoked any consent to be contacted.

10. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct toward Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of himself and the Class members, and any other available legal or equitable remedies.

## PARTIES

11. Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of San Diego, California.

12. Defendant is a corporation organized under the laws of the State of California and doing business in California. Defendant's principal business address is 3615 Lemon Grove Ave., Lemon Grove, CA 91945

13. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successor, assigns, principals, trustees, sureties, representatives, vendors, and insurers of Defendant.

## JURISDICTION AND VENUE

14. This Court has federal question subject matter jurisdiction over this action pursuant

---

[1] Robocall Complaint Statistics, ROBOCALL INDEX, www.robocallindex.com (last accessed June 18, 2026).

Class Action Complaint

to 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. § 227.

15. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District. Additionally, Plaintiff's telephone number has an area code that is assigned to San Diego, California.

**FACTS**

16. On or around June 12, 2025, Plaintiff registered his cell phone number ending in 0234 on the National Do-Not-Call Registry. The Do-Not-Call Registry forbids telemarketing calls and text messages to individuals on the list without prior authorization.

17. Plaintiff uses his cell phone as his residential telephone.

18. On or about May 17, 2026, while shopping for a new vehicle, Plaintiff submitted his contact information to TrueCar, an online vehicle-pricing and lead-generation service.

19. Shortly thereafter, Defendant, directly or through its agents, began sending telemarketing text messages to Plaintiff's cellular telephone number to advertise and promote Defendant's vehicles and dealership services.

20. On May 17, 2026, at approximately 2:04 PM, Plaintiff received a text message from telephone number (858) 215-3159 stating, in substance: "Hey, Victor thank you for giving us the opportunity to earn your business. Do you prefer email, phone call or text? 'Reply STOP to unsubscribe'."

21. At approximately 2:40 PM that same day, Plaintiff received a further text message from telephone number (858) 215-3159, identifying the sender as "Albert @ Mossy Honda," advertising a 2026 Honda Accord Sedan LX in stock at Mossy Honda Lemon Grove and including a link to mossyhondalemongrove.com together with itemized pricing. A true and correct screenshot of these messages is below:

4

Class Action Complaint



22. On May 17, 2026, at approximately 2:37 PM, Plaintiff also received a text message from telephone number (866) 878-7409 advertising a Solar Silver Metallic 2026 Honda Accord LX (Stock #H4479) available through "Albert at Mossy Honda Lemon Grove," including an estimated monthly payment, a link, and the instruction "Reply STOP to unsubscribe." A true and correct screenshot of this message is below:

///

///

///

///

5

Class Action Complaint

23. On May 17, 2026, at approximately 7:59 PM, Plaintiff clearly and unequivocally revoked any consent by replying "STOP" to both telephone numbers Defendant used to text him.

24. In response, Plaintiff received an automated confirmation stating that his reply "blocks all texts sent from this number," as reflected in the screenshots above.

25. Prior authorization is revoked when consent is revoked, meaning, telemarketing calls and text messages may not be made to individuals after the point consent is revoked.

6

26. Despite Plaintiff's revocation of consent, Defendant did not stop contacting Plaintiff and continued to send telemarketing text messages to Plaintiff's cellular telephone number from telephone number (858) 215-3159.

27. On June 3, 2026, at approximately 4:59 PM, Defendant sent Plaintiff a text message reading: "Hi Just checking in I don't want to bug you, just wanted to see if you're still in the market; if so, I'd love to help you find the perfect vehicle! Can we meet today."

28. On June 6, 2026, at approximately 3:48 PM, Defendant sent Plaintiff a further text message stating that the sender had "just left you a message" and asking whether Plaintiff was "still in the market for a Honda Accord Sedan," signed "Albert Castellanos, Mossy Honda Lemon Grove."

29. On June 11, 2026, at approximately 3:55 PM, Defendant sent Plaintiff yet another text message advertising that "The Honda Accord Sedan LX CVT is in stock and available to see," signed "Albert Castellanos" of "Mossy Honda Lemon Grove."

30. On June 12, 2026, at approximately 4:09 PM, Defendant sent Plaintiff a further telemarketing text message from telephone number (858) 215-3159—the same number to which Plaintiff had replied "STOP"—continuing to advertise and promote Defendant's vehicles and dealership services. True and correct screenshots of these post-revocation messages are below:

7

Class Action Complaint



31. On June 25, 2026, at approximately 7:24 PM, Defendant sent Plaintiff yet another telemarketing text message—this time from a new telephone number, (619) 415-0827, that Defendant had not previously used to contact Plaintiff—again

Class Action Complaint

advertising and promoting Defendant's vehicles and dealership services. Defendant's use of an additional telephone number to continue texting Plaintiff after his "STOP" request further demonstrates Defendant's failure to institute and maintain the internal do-not-call procedures required by 47 C.F.R. § 64.1200(d), including recording and honoring do-not-call requests across all telephone numbers Defendant uses to send telemarketing text messages. A true and correct screenshot of this message is below:



32. At no time after Plaintiff sent "STOP" did Plaintiff provide renewed consent for Defendant to send marketing text messages.

33. Defendant's repeated text messages were made for the purpose of advertising and promoting Defendant's vehicles and dealership services and constitute continued telemarketing contact to a telephone number registered on the National Do-Not-Call Registry after revocation of consent.

34. The text messages identify Defendant and show that Defendant sent the messages or is otherwise responsible for them.

35. As demonstrated by the screenshots above, the purpose of the messages Defendant sent was to advertise, promote, or market Defendant's property, goods, or services.

36. Prior to receiving the solicitation text messages, Plaintiff had submitted his information to TrueCar; Plaintiff thereafter revoked any consent to be contacted by Defendant when Plaintiff clearly stated "Stop."

37. Defendant did not stop contacting Plaintiff.

38. The number that Defendant contacted is assigned to Plaintiff's cell phone and is registered on the National Do-Not-Call Registry.

39. Upon information and belief, Defendant maintains or has access to outbound transmission reports for all text messages it sent that advertise or promote its services. These reports would show dates, times, target telephone numbers, and the content of each message sent to Plaintiff and Class members.

40. Upon information and belief, Defendant failed to institute or maintain the internal do-not-call procedures required by 47 C.F.R. § 64.1200(d), including a written do-not-call policy available upon demand, training of personnel engaged in telemarketing, and the recording and honoring of do-not-call requests; and Defendant failed to honor Plaintiff's opt-out request across the multiple telephone numbers it used to text Plaintiff.

**STANDING**

41. Standing is proper under Article III of the Constitution of the United States because Plaintiff's claims state (1) a valid injury in fact, (2) which is traceable to the conduct of Defendant, and (3) is likely to be redressed by a favorable judicial decision. *See*

10

*Spokeo, Inc. v. Robins* (2016) 136 S.Ct. 1540, 1547; *see also Van Patten v. Vertical Fitness Grp.,* 847 F.3d at 1043 (applying *Spokeo* to litigation brought under the TCPA for purposes of establishing Article III standing).

## CLASS ALLEGATIONS

42. Plaintiff brings this lawsuit as a class action on behalf of himself and all others similarly situated, pursuant to Fed. R. Civ. P. 23. The class that Plaintiff seeks to represent ("Class") is defined as:

> **Internal Do-Not-Call Class:**
> All persons in the United States who, within the four (4) years prior to the filing of this Complaint through the date of class certification, received one or more telemarketing text messages from Defendant, or from any person acting on Defendant's behalf, more than ten (10) business days after requesting that Defendant stop sending such messages.

43. Plaintiff reserves the right to modify the definition of the Class as warranted as facts are learned in further investigation and discovery.

44. Defendant and its employees or agents are excluded from the Class.

## NUMEROSITY

45. Upon information and belief the members of the Class are believed to be so numerous that joinder of all members is impracticable.

46. The exact number and identities of Class Members are unknown at this time and can be ascertained only through discovery. Identification of Class Members is a matter capable of ministerial determination from Defendant's records.

## COMMON QUESTIONS OF LAW AND FACT

47. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

48. Whether Defendant sent telemarketing text messages to persons after they requested that Defendant stop sending such messages.

11

Class Action Complaint

49. Whether Defendant honored requests to stop and maintained the internal do-not-call procedures required by 47 C.F.R. § 64.1200(d).

50. Whether Defendant is liable for damages, and the amount of such damages.

51. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely contacts people who have requested to stop receiving text solicitations from Defendant, Plaintiff and Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

52. Plaintiff's claims are typical of the claims of Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF CLASS MEMBERS

53. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## SUPERIORITY

54. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class are economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

Class Action Complaint

55. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain Class members are not parties to such actions.

<strong>CAUSE OF ACTION</strong>

<strong>Violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)</strong>

<strong>(On Behalf of Plaintiff and the Internal Do-Not-Call Class)</strong>

56. The foregoing acts and omissions of Defendant constitute negligent or willful violations of the TCPA, including 47 U.S.C. § 227(c), and the implementing regulation 47 C.F.R. § 64.1200(d).

57. 47 C.F.R. § 64.1200(d) prohibits any person or entity from initiating any call or text message for telemarketing purposes to a residential or wireless telephone subscriber unless that person or entity has instituted procedures for maintaining a list of persons who request not to receive such communications, including a written do-not-call policy available upon demand, training of personnel engaged in telemarketing, and the recording and honoring of do-not-call requests.

58. Plaintiff requested that Defendant stop sending text messages by replying "STOP," yet Defendant continued to send marketing text messages to Plaintiff after that request.

59. Defendant violated 47 C.F.R. § 64.1200(d) by continuing to send telemarketing text messages to Plaintiff and Class members after they requested that the messages stop, and by failing to institute and maintain the internal do-not-call procedures the regulation requires.

60. Under 47 C.F.R. § 64.1200(a)(10), a consumer may revoke consent by any reasonable means, and a reply of "STOP" to a text message is a reasonable means per se; upon such a request, consent is definitively revoked and the sender may not

13

Class Action Complaint

send additional text messages. Plaintiff's "STOP" reply therefore revoked any consent Defendant may have had.

61. Under 47 C.F.R. § 64.1200(d)(3), Defendant was required to honor Plaintiff's and Class members' do-not-call and revocation requests within a reasonable time, not to exceed ten (10) business days from receipt. Defendant's system confirmed Plaintiff's request in real time, yet Defendant continued to send marketing text messages from the same number well beyond any reasonable time to honor the request, demonstrating a failure to honor rather than a need for time to process it.

62. As a result of Defendant's negligent violations of the TCPA, Plaintiff and each member of the Class are entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

63. As a result of Defendant's knowing or willful violations of the law, Plaintiff and each member of the Class are entitled to an award of $1,500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

64. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future under 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court to grant Plaintiff and Class members the following relief against Defendant:

    a. Certify the Class as requested herein;

    b. Appoint Plaintiff to serve as the Representative of the Class; and

    c. Appoint Plaintiff's Counsel as Counsel of the Class.

65. In addition, Plaintiff and the Class Members pray for further judgment as follows against Defendant:

    a. An award of statutory damages for Plaintiff and each Class member as applicable under the TCPA;

    b. An order declaring that Defendant's actions, as outlined above, violates the TCPA;

Class Action Complaint

c.  An award of attorney's fees, costs, and interest as allowed by applicable law; and,

d.  Any other relief the Court may deem just and proper.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the text messages as alleged herein.

## JURY DEMAND

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demand, a trial by jury.

Respectfully submitted,

Date:  July 1, 2026                    **SWIGART LAW GROUP, APC**

By: _s/ Joshua B. Swigart_
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com

Date:  July 1, 2026                    **SHAY LEGAL, APC**

By: _s/ Daniel G. Shay_
Daniel G. Shay, Esq.
Dan@ShayLegal.com

*Attorneys for Plaintiff,
and all others similarly situated*

15

Class Action Complaint